UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DENNIS BARGHER | CIVIL ACTION |
| VERSUS | |
| CRAIG WHITE, ET AL. | NO. 19-00482-BAJ-SDJ |

## ORDER

Before the Court is **Defendants'** *Daubert* **Motion to Exclude Testimony & Expert Report of Dr. George E. Smith (Doc. 37)**. The Motion is Opposed. (Doc. 40). For the following reasons, the Motion is **DENIED**.

### I. BACKGROUND

On April 18, 2015, Plaintiff Dennis Bargher was attacked by a fellow inmate, Johnathan Veal. (Doc. 1, at ¶ 7). Plaintiff alleges that this attack was not random, but rather a "hit" set up by Defendant Craig White, a major employed by Elayn Hunt Correctional Center, (*Id.* at ¶ 5), in retaliation for exposing an extortion scheme within the prison. (*Id.* at ¶ 7–8). This alleged retaliation was deliberately ignored by other correctional officers including Defendants Davison and Wilkes. (*Id.*). By negligently failing to protect Plaintiff from Veal, Plaintiff alleges that Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as Louisiana law. (Doc. 1).

On August 3, 2020 Plaintiff timely identified Dr. George E. Smith as an expert in the field of "correctional medicine". (Doc. 37-2, p. 2). Plaintiff timely produced Dr. Smith's expert report on September 1, 2020. (*Id.*). However, Dr. Smith failed to

1

disclose any medical records, journals, or external documentation used to form the opinions in his report by this deadline. (Doc. 37-2, p. 3). These documents were instead produced at a later date. Defendants argue that Dr. Smith's testimony and report should be excluded, because the report failed to comply with Federal Rule of Civil Procedure ("Rule") 26(a)(2)(B). (Doc. 37-2, p. 2). In the alternative, Defendants contend that Dr. Smith's testimony is not reliable, in violation of Federal Rule of Evidence 702. (*Id.*).

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 26(a)(2)

Where a party intends to use a witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705, it is required to disclose certain information including:

  i. a complete statement of all opinions the witness will express and the basis and reasons for them;
  ii. the facts or data considered by the witness in forming them;
  iii. any exhibits that will be used to summarize or support them;
  iv. the witness's qualifications, including a list of all publications authored in the previous 10 years;
  v. a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
  vi. a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2).

The failure to comply with the requirements of Rule 26(a) will result in the court striking the noncompliant information or witness, and barring the use of the information or witness to furnish evidence on a motion, at a hearing, or at trial, "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c).

To determine whether a failure to comply with Rule 26(a) is substantially justified or harmless, the court considers four factors: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989) (citing *Murphy v. Magnolia Elec. Power Ass'n*, 639 F.2d 232, 235 (5th Cir. 1981)).

## B. Federal Rule of Evidence 702

Pursuant to Federal Rule of Evidence 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" if the preconditions of the rule are met. Namely, that

   a. the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
   b. the testimony is based on sufficient facts or data;
   c. the testimony is the product of reliable principles and methods; and
   d. the expert has reliably applied the principles and methods to the facts of the case.

FED. R. CIV. P. 702.

The role of the trial court is to serve as the gatekeeper for expert testimony by making the determination of whether the expert opinion is sufficiently reliable. *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988–89 (5th Cir. 1997) (internal citations omitted). The Supreme Court has recognized that not all expert opinion testimony can be measured by the same exact standard. Rather, the Rule 702 analysis is a "flexible" one. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (cited with approval

3

in *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002)).

This Court has broad discretion in deciding whether to admit expert opinion testimony. *See, e.g., Joiner*, 522 U.S. at 138–39 (appellate courts review a trial court's decision to admit or exclude expert testimony under *Daubert* under the abuse of discretion standard); *Watkins*, 121 F.3d at 988 ("District courts enjoy wide latitude in determining the admissibility of expert testimony."); *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998) ("Trial courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence.").

"[T]he Court remains cognizant that 'the rejection of expert testimony is the exception and not the rule.'" *Johnson v. Samsung Elecs. Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011) (citing FED. R. EVID. 702 advisory committee's note to 2000 amendments). "As one Court of Appeals has stated, trial judges are gatekeepers, not armed guards." 29 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 6268.2 (2d ed. 1987) (citing *Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 86 (1st Cir. 1998)); *see also Guild v. Gen. Motors Corp.*, 53 F. Supp. 2d 363 (W.D.N.Y. 1999) ("[T]rial judges acting as gatekeepers under [*Daubert*] must not assume 'the role of St. Peter at the gates of heaven, performing a searching inquiry into the depth of an expert witness's soul' and thereby usurp 'the ageless role of the jury' in evaluating witness credibility and weight of the evidence.") (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1045 (2d Cir. 1995)).

4

## III. ANALYSIS

### A. Rule 26

Defendant argues that Dr. Smith's expert reports fall short of the mandatory disclosure requirements prescribed by Rule 26(a)(2)(B) because his reports failed to identify what, if any, documentation he reviewed or relied upon when rendering his opinions, the facts he considered in forming his opinions, or any cases in which he testified as an expert in the past four years. (Doc. 37-2, p. 3). Plaintiff asserts that this information was provided during and immediately following the deposition, and therefore are a permissible supplement to his report under Rule 26(e)(1)(A). (Doc. 40, p. 7).

In general, a party has a duty to supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." FED. R. CIV. P. 26(e)(1)(A). The Fifth Circuit has held that "[t]he purpose of supplementary disclosures is just that—to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998); *See also Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546 (5th Cir. 1996).

Plaintiff's post-deposition disclosures were clearly not supplementary. Dr. Smith's initial report lacked essential Rule 26(a)(2) disclosures. However, although Plaintiff failed to timely disclose information in compliance with Rule 26(a)(2)(B), that is not the end of the inquiry. Plaintiff asserts that the untimely disclosure was harmless, and therefore should not be excluded. Defendants do not

oppose this contention.

It is undisputed that the testimony is important to Plaintiff's case because Dr. Smith will offer testimony on the cause of Plaintiff's injury, the extent of his injury, and any medical treatment following the attack. (Doc. 40, p. 9). Defendants do not argue that they were prejudiced by the late disclosure, merely that it was untimely. (Doc. 37-2, p. 4). Plaintiff notes that a continuance is not necessary, as any deficiency in Dr. Smith's disclosures has been cured. In explaining why the disclosures were supplied late, Plaintiff asserts that between the active 2020 hurricane season, which affected Dr. Smith's Lake Charles, Louisiana[1] practice and the COVID-19 pandemic, the defects "slipped everyone's attention." (Doc. 40, p. 9).

Given that Defendants have failed to articulate how they will be harmed by the admission of Dr. Smith's report, and this Motion addresses the untimely disclosure, rather than a complete failure to disclose information, it is within the Court's discretion to exclude these opinions. *See* FED. R. CIV. P. 16(f)(1). The Court declines to do so for the reason that Defendants have failed show that they have been

---

[1] The New York Times described the 2020 hurricane season's effect on Lake Charles as follows:
> Hurricane Laura made landfall on Aug. 27 in Cameron Parish, south of Lake Charles, as a Category 4 storm with 150-mile-per-hour winds. More than two dozen people died in its aftermath. Trees were shredded and houses cracked open like eggs. Entire blocks of homes sustained so much damage they will almost certainly have to be razed.
>
> Then, [in October], Hurricane Delta hit the coast not even 20 miles from where Laura made landfall, unleashing floods that besieged neighborhoods and heavy rainfall that swamped homes with already damaged roofs. It was virtually impossible to discern where the destruction from one storm ended and that of the other began.

Rick Rojas, *'I Want People to Know That We're Not OK'*, N.Y. TIMES, October 21, 2020 (§ A), at 13.

prejudiced by the untimely disclosure.

### B. Rule 702

In the alternative, Defendants allege that Dr. Smith's testimony is "inherently unreliable because it is not based on sufficient facts or data." (Doc. 37-2, p. 4). Defendants contend that Dr. Smith testified that he reviewed "medical records, medical literature, and imaging, *inter alia*, in forming his opinion, but has not identified the same." (*Id.*). Dr. Smith also testified that he relied on a "July 23, 2019" deposition of Plaintiff in forming his opinion, but Plaintiff was not deposed until after Dr. Smith submitted his report. (*Id.* at 5). Further, Defendants assert that Dr. Smith's testimony will not assist the trier of fact, solely because he was not one of the physicians who treated Plaintiff following the incident. (Doc. 37-2, p. 5).

Plaintiff argues that everything Dr. Smith relied upon was disclosed, eventually. (Doc. 40, p. 10). Further, Plaintiff notes that Dr. Smith misspoke and intended to state that he relied upon Plaintiff's Complaint, which was filed July 23, 2019, rather than his deposition. (*Id.*). Plaintiff argues that, rather than striking Dr. Smith's testimony, the Court should permit Defendants to address any concerns relating to Dr. Smith's testimony on cross-examination.

"As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the [trier of fact's] consideration. *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell*

*Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993). This is the case here. Defendants have highlighted a technical, rather than scientific, deficiency in Dr. Smith's testimony which may go to the weight of his testimony. As such, the Court declines to render Dr. Smith's testimony under Rule 702 inadmissible on this basis.

## IV. CONCLUSION

Accordingly

**IT IS ORDERED** that Defendants' Motion (Doc. 37) is **DENIED**.

Baton Rouge, Louisiana, this 25th day of May, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**