UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DENNIS BARGHER                                          CIVIL ACTION

VERSUS

CRAIG WHITE, ET AL.                                     NO. 19-00482-BAJ-SDJ

ORDER

Before the Court is **Defendants'** *Daubert* **Motion to Exclude Testimony & Expert Report of W. Lloyd Grafton (Doc. 38)**. The Motion is Opposed. (Doc. 39). For the following reasons, the Motion is **GRANTED** in part, **DENIED** in part.

## I. BACKGROUND

On April 18, 2015, Plaintiff Dennis Bargher was attacked by a fellow inmate, Johnathan Veal. (Doc. 1, at ¶ 7). Plaintiff alleges that this attack was not random, but rather a "hit" set up by Defendant Craig White, a major employed by Elayn Hunt Correctional Center, (*Id.* at ¶ 5), in retaliation for exposing an extortion scheme within the prison. (*Id.* at ¶ 7–8). This alleged retaliation was deliberately ignored by other correctional officers including Defendants Davison and Wilkes. (*Id.*). By negligently failing to protect Plaintiff from Veal, Plaintiff alleges that Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as Louisiana law. (Doc. 1).

On August 3, 2020, Plaintiff timely identified Lloyd Grafton as an expert in the field of prison policy and procedure. (Doc. 38-2, p. 1). Plaintiff timely produced Grafton's expert report on September 1, 2020. (*Id.*). Grafton offered four opinions in

1

his report. First, that Defendants violated Department of Corrections policy by contracting with inmates to profit from tool sales, resulting in the need for a coverup. (Doc. 39, p. 9). Second, that Defendants violated Department of Corrections policy by retaliating against Plaintiff for disclosing the aforementioned scheme. (*Id.*). Third, that Defendants violated Department of Corrections policy by "housing known enemies together." (*Id.*). Fourth, that Defendants violated DOC regulations and guidelines when they "force[d] [Plaintiff] into the cell and then stood by and watching Johnathon Veal, a known enemy, attack [Plaintiff] and did nothing to stop the beating." (*Id.*).

Defendants seek to exclude Grafton's testimony and expert report because it will not help the trier of fact understand the evidence or determine a fact at issue in this matter, because it is based on "irrelevant" principles, and because his conclusions and opinions impermissibly go to the ultimate question, in violation of Federal Rules of Evidence 702 and 704. (*Id.* at p. 2).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Evidence 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" if the preconditions of the rule are met. Namely, that:

a. the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
b. the testimony is based on sufficient facts or data;
c. the testimony is the product of reliable principles and methods; and
d. the expert has reliably applied the principles and methods to the facts of the case.

FED. R. CIV. P. 702.

2

The role of the trial court is to serve as the gatekeeper for expert testimony by making the determination of whether the expert opinion is sufficiently reliable. *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988–89 (5th Cir. 1997) (internal citations omitted). The Supreme Court has recognized that not all expert opinion testimony can be measured by the same exact standard. Rather, the Rule 702 analysis is a "flexible" one. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (cited with approval in *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002)).

This Court has broad discretion in deciding whether to admit expert opinion testimony. *See, e.g., Joiner*, 522 U.S. at 138–39 (appellate courts review a trial court's decision to admit or exclude expert testimony under *Daubert* under the abuse of discretion standard); *Watkins*, 121 F.3d at 988 ("District courts enjoy wide latitude in determining the admissibility of expert testimony."); *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998) ("Trial courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence.").

"[T]he Court remains cognizant that 'the rejection of expert testimony is the exception and not the rule.'" *Johnson v. Samsung Elecs. Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011) (citing FED. R. EVID. 702 advisory committee's note to 2000 amendments). "As one Court of Appeals has stated, trial judges are gatekeepers, not armed guards." 29 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 6268.2 (2d ed. 1987) (citing *Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 86 (1st Cir. 1998)); *see also Guild v. Gen. Motors Corp.*,

3

53 F. Supp. 2d 363 (W.D.N.Y. 1999) ("[T]rial judges acting as gatekeepers under [*Daubert*] must not assume 'the role of St. Peter at the gates of heaven, performing a searching inquiry into the depth of an expert witness's soul' and thereby usurp 'the ageless role of the jury' in evaluating witness credibility and weight of the evidence.") (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1045 (2d Cir. 1995)).

## III. ANALYSIS

### A. Whether Grafton's Testimony Assists the Trier of Fact

Defendants allege that Grafton's testimony "will not help the trier of fact understand the evidence or determine a fact as issue in this case," as is required by Rule 702, because "[i]t requires no specialized knowledge for the jury to determine whether Defendants exhibited deliberate indifference by knowingly locking an inmate in a cell with a known enemy." (Doc. 38-2, p. 4).

Plaintiff argues that Graton's testimony is necessary to explain to the jury "the applicable correctional policies and how the actions of [Defendants] violated the policies." (Doc. 39, p. 10). Plaintiff contends that the "rules governing inmates and correctional officers in a correctional facility are not within the common knowledge of the average person," and therefore Grafton's testimony is admissible. (Doc. 39, p. 11).

"Expert opinion testimony is admissible if it is helpful to the jury in understanding the evidence or determining a fact in issue." *Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 180 (5th Cir. 1995). To succeed on Plaintiff's deliberate indifference claim, Plaintiff must establish, in relevant part, that he was "incarcerated under conditions 'posing a substantial risk of serious harm,' and that []

4

the prison official's state of mind is one of 'deliberate indifference' to the prisoner's health or safety." *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020) (citations omitted). While Grafton's testimony is not necessary for the second element, that of Defendants' state of mind, it could be helpful to the trier of fact in establishing that housing Vale with Plaintiff constituted deliberate indifference. Therefore, Graton's testimony as to whether housing Vale with Plaintiff posed a risk of harm is admissible.

### B. Relevance

Grafton's report relies heavily on the Louisiana Department of Public Safety and Corrections' Employee Manual to support his opinions. *See* (Doc. 38-4, p. 6). This includes the Department's use of force policies and use of force training. (Doc. 38-4, p. 7). Defendants argue that testimony regarding use of force is not relevant because "the central issue in this case is whether Defendants failed to protect Plaintiff from harm at the hands of another inmate in violation of his constitutional rights." (Doc. 38-2, p. 5). Defendants note that "[t]here is no allegation or evidence that any defendant used force against Plaintiff," and contend that this justifies preventing Graton from testifying. (*Id.*). Plaintiff points out that he did plead excessive force in his Complaint, in addition to Failure to Protect. (Doc. 39, p. 11) (citing Doc. 1 at ¶ 91).

Plaintiff has brought an excessive force claim. (Doc. 1, at ¶ 65). *Daubert* motions do not challenge the sufficiency of the evidence in the record, but rather whether an expert is competent to testify. Based on the record before the Court, excessive force will be addressed at trial. Accordingly, the Court declines to exclude Grafton's testimony on this basis.

5

## C. Whether Grafton Impermissibly Provides Legal Conclusions

Defendants argue that Grafton's report impermissibly usurps the role of the jury and states legal conclusions. (Doc. 38-2, p. 7–10). Defendants also allege that, because Grafton relied solely on Plaintiff's version of events, his testimony "impermissibly bolsters Plaintiff's credibility and will usurp the jury's function if he is permitted to testify." (Doc. 38-2, p. 6). Plaintiff responded that the statements highlighted by Defendants "do not appear to be opinions on the ultimate issue." (Doc. 39, p. 13). Plaintiff also contends that Grafton cannot be excluded solely "because the facts he relied upon conflict, in part, with the facts the Defendants will offer at trial. (Doc. 39, p. 16).

Rule 704(a) notes that an expert's opinion in a civil case is not automatically objectionable solely because it embraces an ultimate issue. FED. R. EVID. 704(a). However, "[r]ule 704 [] does not open the door to all opinions. . . . [Q]uestions which would merely allow the witness to tell the jury what result to reach are not permitted. Nor is the rule intended to allow a witness to give *legal* conclusions." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) (citations omitted). Further, while experts may base their opinion "on facts or data in the case that the expert has been made aware of or personally observed," FED. R. EVID. 703, as the Northern District of Illinois articulated, "[t]here is a critical distinction between an expert testifying that a disputed fact actually occurred . . . and an expert giving an opinion based upon factual assumptions, the validity of which are for the jury to determine. The former is manifestly improper, the latter is not." *Richman v. Sheahan*, 415 F. Supp. 2d 929, 942 (N.D. Ill. 2006).

6

To determine whether an expert's opinion is an impermissible legal conclusion, the Court must "identify first what the disputed expert testimony is, then compare that testimony to the ultimate issues to be decided by the trier of fact." *C.P. Interests, Inc. v. California Pools, Inc.*, 238 F.3d 690, 697 (5th Cir. 2001). Here, the trier of fact must determine, as to Plaintiff's failure to protect claim, whether Plaintiff was incarcerated under conditions posing a substantial risk of serious harm and whether Defendants' state of mind was one of deliberate indifference to the prisoner's health or safety." *Williams*, 956 F.3d at 811. The trier of fact must also determine, as to Plaintiff's excessive force claim, "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).

It is clear that there are statements in Grafton's report which impermissibly usurp the jury's role and improperly adopt and endorse Plaintiff's version of events.[1] Grafton's report often goes well beyond assuming that the Plaintiff's facts are true for the purposes of his analysis, and instead impermissibly ratifies and endorses Plaintiff's version of events.

Considering the challenged conclusions and statements of Grafton's report, the Court finds, based on the foregoing jurisprudence, that Grafton's expert testimony

---

[1] For example, Grafton concludes that "Sgt. Davison and Master Sgt. Wilkes stood by while [Plaintiff] was assaulted by Johnathon Veal and did nothing to prevent the beating," and that "the evidence in this case indicates that the correctional officers disregarded the law and that their acts were willful and indifferent to what the law required of him [sic]." (Doc. 38-4, p. 7–8). Nearly all of the statements the Report section entitled "General Allegations," such as "I do not know all the facts surrounding the extortion scheme only that Capt. White had it in for [Plaintiff] and arranged to have [Plaintiff] assaulted," improperly usurp the jury's role. (Doc. 38-4, p. 3).

7

and the portions of those statements in his report which improperly usurp the jury's role shall be excluded. As the gatekeeper of the evidence, the Court may only permit the admission of expert testimony that is reliable and relevant. As an expert in law enforcement and correctional officer policy compliance, Grafton may testify as to applicable standards and well-established correctional officer policy and procedure. However, Grafton will not be permitted to offer opinions that draw legal conclusions, make findings of fact, or speculate as to the thoughts and motivations of individuals involved in the incident.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion (Doc. 38) is **GRANTED** in part, to the extent set forth herein.

Baton Rouge, Louisiana, this 26th day of May, 2021

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA